UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LOCKWOOD INTERNATIONAL, INC.<br>   *Plaintiff/Counter-Defendant,*<br><br>v.<br><br>WELLS FARGO BANK, N.A., WELLS FARGO SECURITIES, LLC, AND TRUSTMARK NATIONAL BANK,<br>   *Defendants/Counterclaimants/Third-Party Plaintiffs,*<br><br>v.<br><br>LOCKWOOD ENTERPRISES, INC.,<br>LMG MANUFACTURING, INC.,<br>PIPING COMPONENTS, INC.,<br>LOCKWOOD HOLDINGS, INC.,<br>LH AVIATION, LLC,<br>7807 EAGLE LANE LLC, AND<br>MICHAEL F. LOCKWOOD,<br>   *Third-Party Defendants.* | C.A. NO. 3:17-CV-00365 |

**THIRD PARTY DEFENDANT'S RESPONSE TO THE
APPLICATION FOR TEMPORARY RESTRAINING
<u>ORDER AND PRELIMINARY INJUNCTION</u>**

COMES NOW Third Party Defendant Michael F. Lockwood ("Lockwood"), and without waiving any defenses herein, by and through his attorneys, files this Response to the Application for Temporary Restraining Order and Preliminary Injunction ("Application") filed on December 26, 2017 by Defendants Wells Fargo Bank, N.A. and Trustmark National Bank ("Defendants"). Because Defendants have failed to establish the essential elements to

obtain a Temporary Restraining Order or Preliminary Injunction against Michael Lockwood individually as a guarantor, Defendants' Application must be denied.

## I. INTRODUCTION

Lockwood has notice of this hearing, but has not been formally served, and makes this Response without prejudice to his rights to plead further herein. He is asserted by Defendants to be the guarantor of certain obligations. The Plaintiff and the other entity Third-Party Defendants subject to the Application on file (D.E. 5) have now all filed Chapter 11 Petitions, and the claims against those entities are stayed.

So, on the basis of that pleading, almost if not entirely focused on injunctive relief against entities now in bankruptcy, Defendants seek a TRO and a preliminary injunction against Lockwood individually, apparently to restrain him using his own assets. This relief is not available, but in any event Defendants have not shown their entitlement to this extraordinary relief as against Lockwood.

## II. FACTUAL BACKGROUND

As to the underlying action now stayed, Defendants and Counter-Claimants assert LII did not pay $800,000.00 in interest when allegedly due, but on November 1, 2017, LII provided a check to Wells Fargo from one of LII's insurers for $3,850,000. Ex. 1, Unsworn Declaration of Michael Lockwood at par. 2. This amount was more than enough to pay the loan balance down to $62,000,000 and to cover the $800,000 interest. *Id.* Wells Fargo's

swept over $1,000,000 from LII's operating account, which funds could have been used to pay for the obligations of Lockwood Aviation. *Id.*

In February 2017, LII paid Wells Fargo the open amount of outstanding Letters of Credit. *Id.* at par. 3. Wells Fargo is under no responsibility to fund any letters of credit which serve as a performance bond on overseas projects involving Lockwood International. *Id.* The Letters of Credit will naturally expire without any requirement of payment as there are no claims from the clients involved in those projects. *Id.*

LII has provided extensive information on the collateral at issue to Wells Fargo's agent, the Phoenix Group. *Id.* at par. 4. When Wells Fargo unilaterally noticed an inspection of LII's premises on December 21, 2017, I personally attended and provided the Phoenix Group a detailed accounting of all LII open receivables. *Id.* The information provided demonstrated, contrary to the allegations made by Wells Fargo, inventory was not sold to reduce vendor debt and thereby reduce the collateral base. *Id.*

Allegations the collateral base has been eroded is not supported by the facts that have been provided to Wells Fargo or its agents. The detailed inventory and accounts receivable accounting provided to Phoenix Group on December 21, 2017, shows positive collateral coverage in excess of $16,000,000. *Id.* at par. 5. LII has not impaired the collateral, and in all respects has worked to protect the collateral and the interests of all who are concerned with it. *Id.* This is reflected in both the significant debt reduction as discussed below, as well as the positive collateral coverage in excess of $16,000,000. *Id.* Despite allegations

collateral has been transferred to third parties, and that collateral is unavailable to lender to seize as a source or repayment for indebtedness, LII currently has collateral that is valued at more than $16,000,000, and more than what Wells Fargo claims it is owed for repayment of indebtedness. *Id.* at par. 6.

Outstanding debt has been reduced. On February 1, 2017 LII owed $77,500,000 to Wells Fargo. That line has been paid down to below $56,000,000 as of December 28, 2017. *Id.* at par. 7. In addition, LII has paid in excess of $1,000,000 in letters of credit and nearly $3,000,000 in interest to Wells Fargo over the same period. *Id.*

LII and its subsidiaries has met all obligations on its real estate and fixed asset notes. *Id.* at par. 8. Had Wells Fargo not unilaterally decided to freeze all Lockwood accounts, then LII could have met all outstanding obligations. *Id.* In eleven months, Wells Fargo has received in excess of $25,000,000 from LII. *Id.*

LII has no control over Wells Fargo and how it classifies money that has been paid to Wells Fargo, or unilaterally removed by Wells Fargo from LII's bank account. *Id.* at par. 9. Despite there being adequate funds to cover outstanding obligations, Wells Fargo has classified amounts received in a self-serving manner solely to force allege defaults, and is using those forced defaults to apply for a temporary restraining order and preliminary injunction. *Id.*

Wells Fargo has made a request for LII to "cease and desist" use of collateral, and LII has agreed, but asked only to "carve out" two transaction types, A) "milestone billings," and

B) "partial order billings." *Id.* at par. 10. LII requested a face to face meeting to work through these two transactions types, which if not managed properly, will result in massive litigation by LII's vendors and its customers, and also against Wells Fargo, involving hundreds of millions of dollars, and which will then jeopardize the entire asset base of the company, which is what Wells Fargo allegedly seeks to avoid. *Id.*

These claims are against entities in bankruptcy. There is nothing that Lockwood individually can be ordered to do or not do which will provide any meaningful benefit to Defendants as against these bankrupt entities.

## III. ARGUMENT & AUTHORITY

### A. The Defendants have failed to establish the four elements needed in order to receive a temporary restraining order

The party moving for a temporary restraining order, like an applicant for a preliminary injunction, must establish four elements:

(1) a substantial likelihood of success on the merits;
(2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;
(3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and
(4) that the temporary restraining order will not disserve the public interest.

*Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813 (W.D. Tex. 2017) (citing *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). "A temporary restraining order is an extraordinary remedy; **it should be granted only if the plaintiff clearly carries the burden of persuasion as to all four factors**." *Crump v. Gilmer Indep. Sch. Dist.*, 797 F. Supp. 552, 553 (E.D. Tex. 1992) (emphasis added). Because Defendants have not met their burden of

establishing the four elements necessary for a temporary restraining order or a preliminary injunction, the Application must be denied.

### 1. Defendants have failed to show a substantial likelihood of success on the merits

In order for the Defendants' Application to be granted, they must prove a substantial likelihood of success on the merits. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). The Defendants' Application focuses on a number of alleged defaults by LII of the terms of the credit agreement. Defendants have manufactured these defaults by re-classifying million-dollar payments that they received in self-serving ways, unilaterally removing millions of dollars from Plaintiff's bank accounts, and devaluing collateral without justification. These instances are discussed in further detail in the following sections. In any event, they do not show a substantial likelihood of success on the merits as to Lockwood individually.

### 2. There is not a substantial threat of irreparable injury

Defendants do not show how there is a substantial threat of irreparable injury to them as to Lockwood individually. Showing irreparable harm is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." 11a CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948. 1, at 139 (2D ED.1995). "A temporary restraining order is an extraordinary remedy, and the movant bears a heavy burden to obtain one." *Akrivis Labs., LLC v. United States Dep't of Health & Human Servs.,* 2016 WL 3476716, at *1 (E.D. La. June 27, 2016).

Extraordinary circumstances, "such as evidence showing that the defendant is likely to become insolvent before final judgment or that the defendant intends to dissipate his assets to make a judgment awarding damages uncollectible **'may give rise** to the irreparable harm required for a preliminary injunction.'" *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *6 (S.D. Tex. Dec. 7, 2011) (emphasis added) (citing *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994). The Supreme Court has emphasized that parties "seeking preliminary relief [must] demonstrate that **irreparable injury is likely** in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis added). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Defendants have not demonstrated that it is likely Lockwood will become insolvent or dissipate assets to avoid a judgment. Because the Defendants have failed to show that Lockwood will become insolvent or dissipate assets to avoid a judgment they have failed to prove a substantial threat of irreparable injury.

"Irreparable harm requires a showing that: (1) the harm to Plaintiffs is imminent (2) the injury would be irreparable and (3) that Plaintiffs have no other adequate legal remedy." *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 608 (N.D. Tex. 2006) (citing *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir.1975). "[T]he injury at issue must be actual and imminent, not speculative or remote." *Watson v. Federal Emergency Management Agency*, 437 F.Supp.2d 638, 648 (S.D.Tex.2006).

When the Application was originally made, Defendants' claims as to irreparable injury seemed to boil down to "LII and Michael Lockwood, will likely continue to interfere with Lenders' rights to their collateral, thereby further injuring Lenders and their ability to obtain repayment of the debt." (D.E. 5 at par. 47). Now that the entities are in bankruptcy, and Lockwood as their CEO is subject to bankruptcy rules, the basis for Defendants' Application is non-existent, and as to Lockwood individually is over-reaching and unsupported. Defendants have not shown Lockwood is likely to be insolvent at the time of judgment, and the Lockwood's personal assets are not the subject of the dispute. *See Fort James Corporation v. Ratliff*, 199 WL 97932, *2 (N.D. Tex. 1999).

### 3. The threatened injury does not outweigh any damage that the temporary restraining order might cause Lockwood

Defendants are large financial institutions. Lockwood is an individual with a wife and children. If he is obligated by injunction to live his life in order to maintain assets for Wellf Fargo, his own livelihood and well-being, and that of his family, will suffer. We are not yet to the point where one man's life should be subordinated to the will of an entity with billions of dollars in assets.

### 4. The temporary restraining order will disserve the public interest

"A temporary restraining order is an extraordinary remedy, and the movant bears a heavy burden to obtain one" and the Defendants in this case have not met this heavy burden. *Akrivis Labs,* 2016 WL 3476716 at *1. Defendants failure to meet their burden is clear since they have relied on events which have not occurred and have not been shown to be likely to

occur, in order to substantiate their arguments for a showing of irreparable harm. In addition, Defendants have used their advantageous position as a large lending institution to engage in unfair tactics and practices in order to manufacture LII's alleged defaults and breaches, and then seek to subject an individual to those obligations <u>with a temporary restraining order in advance</u>. These are not the types of actions that should allow for a extraordinary and drastic remedy of a temporary restraining order or injunction, especially given the commitment Plaintiffs have demonstrated for working through these issues.

> **B.  The requested injunctive relief is improper, is impractical and impossible to perform, assumes blatantly false facts, and is only being sought in a further attempt to damage LII**

A close examination of the requested relief from Defendants' Application illustrates how impractical and overarching the Application really is as applied to Lockwood individually. (D.E. 5, at pp. 18-19). The first request for relief assumes facts that have not been proven to this Court and are highly disputed by Lockwood, who in any event is not personally able to do such things, and cannot do them in any capacity for entities now in bankruptcy, i.e., "refrain from interfering with Lenders' rights to take immediate possession of all Collateral (as defined in the Security Agreement), wherever located, and books and records pertaining thereto." (D.E. 5, p.18).

The remaining items are not things Lockwood individually can do.

WHEREFORE, Lockwood International, Inc. respectfully requests that this Court deny the Application for Temporary Restraining Order and for all such and further relief to which they may show themselves justly entitled, in law or in equity.

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
Texas SBN 18869600
fspagnoletti@spaglaw.com
David S. Toy
Texas SBN 24048029
dtoy@spaglaw.com
Eric J. Rhine
Texas SBN 24060485
erhine@spaglaw.com
SPAGNOLETTI & CO.
401 Louisiana, 8th Floor
Houston, TX 77002
Telephone:   713 653 5600
Facsimile:   713 653 5656

**ATTORNEYS FOR THIRD PARTY DEFENDANT MICHAEL F. LOCKWOOD**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel of record at the time of filing via CM/ECF in accordance with the Federal Rules of Civil Procedure, on this 25th day of January, 2018.

              */s/ Francis I. Spagnoletti*
              Francis I. Spagnoletti