UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LOCKWOOD INTERNATIONAL, INC.<br><br>VS.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; WELLS FARGO SECURITIES, LLC; and TRUSTMARK NATIONAL BANK<br><br>V.<br><br>LOCKWOOD ENTERPRISES, INC., LMG MANUFACTURING, INC., PIPING COMPONENTS, INC., LOCKWOOD HOLDINGS, INC., LH AVIATION, LLC, 7807 EAGLE LANE LLC, AND MICHAEL F. LOCKWOOD,<br>         *Third-Party Defendants.* | C. A. NO. 3:17-CV-365 |

**THIRD-PARTY DEFENDANT MICHAEL F. LOCKWOOD'S
<u>MOTION TO EXTEND STAY</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Third Party Defendant Michael F. Lockwood, and, for his Motion to Extend the Automatic Stay, would respectfully show as follows:

**I. NATURE AND STAGE OF THE PROCEEDING**

On November 30, 2017, Plaintiff Lockwood International, Inc., ("Plaintiff"), filed its Original Complaint with this Court alleging ten causes of action against Wells Fargo Bank, N.A., Wells Fargo Securities, LLC, and Trustmark National Bank (collectively "Defendants") (D.E. 1). On December 26, 2017, Wells Fargo Bank, N.A. and Trustmark

National Bank ("Third-Party Claimants") filed a counterclaim, third-party claims, and an application for a temporary restraining order and preliminary injunction (D.E. 5) (generally "Counterclaim").

In the Counterclaim, Lockwood International, Inc., ("LII"), Lockwood Enterprises, Inc. ("LEI"), Lockwood LMG Manufacturing, Inc. ("LMG"), and Piping Components, Inc. ("PCI") are alleged to be borrowers under the Credit Agreement at issue (collectively "Borrowers"), and Lockwood Holdings, Inc. ("LHI"), LH Aviation, LLC ("LHA"), 7807 Eagle Lane, LLC ("Eagle Lane"), and Michael F. Lockwood ("Lockwood") are alleged to be guarantors of certain obligations asserted by Third Party Claimants against the Debtors (collectively "Guarantors").

On January 19, 2018, LHI, LHA and PCI filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Nos. 18-30197, 18-30198, 18-30199, respectively, and a Suggestion of Bankruptcy regarding these petitions was filed in this Court (D.E. 27). On January 24, 2018, LII, LEI, LMG and Eagle Lane also filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Nos. 18-30268, 18-30269, 18-30270, 18-30271, respectively, and a First Amended Suggestion of Bankruptcy regarding these petitions was filed in this Court (D.E. 25). All of the entities who filed for Chapter 11 relief will be referred to collectively herein as the "Debtor Entities."

Pursuant to 11 U.S.C. section 362, all further matters in this case were automatically stayed against all of the Debtor Entities who filed Chapter 11 petitions. The only party to this action who has not filed for Chapter 11 relief is Lockwood, and against whom Third-Party Claimants have asserted an action on Lockwood's alleged guaranty obligations.

Lockwood was and remains the sole Director and President and CEO of each of the Debtor Entities. Because each of the Debtor Entities is contractually obligated to indemnify Lockwood for any judgments, settlements and expenses incurred in connection with proceedings related to his capacity as a Director, Officer or employee of the Debtor entities, which would include a judgment on the Third-Party Claimants' guaranty claim, the automatic stay of litigation against the Debtor Entities must be extended to Lockwood, because a judgment against him would effectively be a judgment or finding against the Debtor Entities.

## II. STATEMENT OF THE ISSUES

A. **Statement of Issue**: Whether this Court should exercise its discretion to extend the 11 U.S.C. section 362 automatic stay applicable to the Debtor Entities to Mike Lockwood pursuant to precedent of this District. *See Nat'l Oilwell Varco, L.P. v. Mud King Prod., Inc.*, 2013 WL 1948766, at *5 (S.D. Tex. May 9, 2013).

B. **Standard of Review**: Courts review the scope of an automatic stay *de novo*. *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (*citing Kosadnar v. Metropolitan Life Ins. Co.*, 157 F.3d 1011, 1013 (5th Cir.1998). A decision to lift the automatic stay is an exercise of discretion and may only be reversed upon a showing of an abuse of discretion. *See In re Reitnauer*, 152 F.3d 341, 343-44 (5th Cir.1998)**.**

### III. SUMMARY OF ARGUMENT

Third-Party Claimants are pursuing an action on a guaranty against Lockwood individually, but the automatic stay of 11 U.S.C. section 362(a)(1) should be extended in the discretion of this Court to say the guaranty action. Lockwood is the sole Director and President and CEO of the Debtor Entities, specifically Borrowers. Pursuant to the bylaws of these entities, Lockwood is entitled to indemnification from the Borrowers for expenses incurred in connection with a proceeding, as well as against a judgment in the guaranty action. This precise circumstance has been recognized as supporting the extension of the automatic stay to non-debtors owed indemnity by debtors, in order to implement the purpose and intent of 11 U.S.C. 362(a)(1), and to allow a Bankruptcy Court to resolve indemnity issues.

### IV. ARGUMENT

**A. This Court should exercise its discretion to extend the automatic stay of 11 U.S.C. section 362 applicable to the Debtor Entities to non-debtor Michael F. Lockwood based on a contractual indemnity obligations owed to Lockwood.**

Section 362(a)(1) of the United States Bankruptcy Code provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate' [or to exercise control over property of the estate].' *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)); *see also Beran v.*

*World Telemetry, Inc.*, 747 F.Supp.2d 719, 722 (S.D.Tex.2010) (Rosenthal, J.)." *National Oilwell Varco, L.P. v. Mud King Prod., Inc.*, 2013 WL 1948766, at *2 (S.D. Tex. May 9, 2013).

An automatic stay under section 362 typically does not apply to actions against a non-debtor. *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir.2007); *Beran*, 747 F.Supp.2d at 722. However, a section 362 stay may apply to an action against a non-debtor defendants under certain circumstances, and based on the non-debtors's relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir.2003). The leading case on the extension of the automatic stay to non-debtors is *A. H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). In *A.H. Robbins*, the Fourth Circuit determined that "there are cases under Section 362(a)(1) where a bankruptcy court may properly stay the proceedings against non-bankrupt codefendants", but there must be "unusual circumstances" present in order to obtain this relief. *Id.*, 788 F.2d 994, 999 (4th Cir. 1986). These unusual circumstances arise "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). The court in *A.H. Robins* provided an example of such circumstances. "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse

application of the statutory stay in that case would defeat the very purpose and intent of the statute.*" Id.*

In *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001), the Fifth Circuit recognized the authority of the bankruptcy court to "invoke § 362 to stay proceedings against nonbankrupt co-defendants" in the indemnity circumstance identified in *A.H. Robbins*. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). The indemnity provisions applicable to Lockwood here support this Court's exercise of discretion to extend the automatic stay to him, just as those provisions justified the extension to non-debtors in *National Oilwell Varco, L.P. v. Mud King Prod., Inc.*, 2013 WL 1948766 (S.D. Tex. May 9, 2013). In *Mud King*, the plaintiff sought damages against an entity debtor and certain of its officers, directors and employees. Those officers, directors and employees sought extension of the automatic stay from the entity debtor to the individuals on basis of indemnity obligations flowing to them, and as provided by the debtor entity's bylaws, citing the *Garlock* exception for extension of the automatic stay in a contractual indemnity situation.

In her Memorandum and Opinion exercising discretion to stay litigation in her court precisely because of contractual indemnity obligations, United States District Judge Nancy Atlas found corporate bylaws in a contract could "create potential corporate indemnity obligations to one or more [non-debtor defendants] by virtue of a formal indemnity relationship." This led the court to extend the bankruptcy stay to the non-debtors since there was an "'actual' identity of interests between the indemnified [individual] . . . and [the]

6

Debtor . . . itself." *Id.* Judge Atlas further held a bankruptcy court "must sort out the scope, applicability, and overall enforceability of . . . indemnification duties . . . at least in the first instance." *Id*. at *5. The indemnity obligations flowing to Lockwood from LII support a stay. Pursuant to the Bylaws of Lockwood International, Inc., Article VI., Indemnification and Interested Transactions, Section 2., Right to Indemnification:

> Each person who . . . is made a party . . . in any Proceeding, by reason of the fact that he or she is the legal representative, is or was a Director, or an officer, employee, or agent of the corporation whether the basis of such proceeding is alleged action in an official capacity as a Director, or as an officer, employee, or agent or in any other capacity while serving as a Director, or as an officer, employee or agent of the Corporation, **shall be indemnified** and held harmless **by the Corporation** to the fullest extent authorized by the Texas Business Corporation Act . . . .

LII Bylaws, a true and correct copy of which are attached hereto as Ex. 1, at p.16, and incorporated by reference (emphasis added).[1]

The guaranty on which Third Party Claimants are suing was given by Lockwood <u>at the request of Wells Fargo</u> to keep Lockwood "interested and involved" in the Debtor Entities' ongoing operations. *See* Unsworn Declaration of Mark Spillard (hereafter "Spillard Dec."), at ¶3. When the guaranty was initially requested of Lockwood, Spillard pushed back on the request, but was told by Jennifer Norris, a representative of Third Party Claimants, the guaranty was required as a condition of further amendments to the loan documents with the Debtor Entities, and because Lockwood's financial condition was believed by Third Party Claimants to be, at least in part, due to Lockwood's leave of absence, and that his continued

---

[1] The other borrowers' bylaws grant substantially similar indemnification rights to Lockwood.

7

involvement in the day to day operations were required going forward. *See* Spillard Dec. at ¶ 4. Spillard proposed an alternative to the guaranty, such as an employment agreement or similar contractual obligation to tie Lockwood to the Debtor Entities, but the proposal was refused, and the guaranty was insisted upon. *See* Spillard Dec. at ¶ 5. While the guaranty is a personal obligation of Lockwood, its existence is "by reason of the fact" Lockwood was both a Director, Officer and employee of the Debtor at the time it was given. Therefore, Lockwood has been "made a party" to this proceeding by Third Party Claimants' suit on that guaranty, which was insisted upon <u>because</u> Lockwood was "a Director, or an officer, employee or agent" of the Debtor Entities, and the Third Party Claimants required the guaranty to keep Lockwood "involved" in those entities.

When Judge Atlas ruled in the *Mud King* case to extend the stay to non-debtors, she recognized the scope of the automatic stay was "principally within a bankruptcy court's bailiwick," but she exercised her authority "on a preliminary basis, in the interest of judicial efficiency and in conjunction with the Court's exercise of its discretion to impose a temporary stay in the interest of justice." *Mud King*, at *5. Judge Atlas granted the stay, deferring to the Bankruptcy Court "to develop a full record, to determine the legal applicability and viability of the bankruptcy filing, and to evaluate the putative indemnity obligations in light of bankruptcy principles and other law." *Id*.[2]

---

[2] However, unlike the bylaws at issue in *Mud King*, which were issued only days before the bankruptcy filings, LII's bylaws, for example, were originally adopted December 1, 1995, over <u>22 years</u> before LII filed for bankruptcy.

For these same reasons, Lockwood respectfully requests this Court exercise that same discretion.

**B.     The automatic stay of 11 U.S.C. § 362 should be extended to non-debtor parties based on the discretion of this Court.**

District courts may also exercise their discretion to stay a proceeding against non-debtors "in the interests of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983); *see also Gulf Coast Hotel–Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 2010 WL 972248, at *3 (S.D.Miss. Mar. 12, 2010) (finding that a district court may issue a discretionary stay even when a § 362 stay is inappropriate); *Fidelity & Deposit Co. of Md. v. Tri–Lam Co.*, 2007 WL 1091311, at *1 (W.D.Tex. Apr. 9, 2007) ("The district court may also grant a discretionary stay of the action against non-bankrupt co-defendants; however, this discretion is limited."). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth*, 706 F.2d at 545 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985) (citing *Wedgeworth*, 706 F.2d at 545).

The court in *Mud King* also exercised its discretion to allow the extension of the bankruptcy stay. It held that "[t]he Court, alternatively, exercises its limited discretion "in the

9

interests of justice and in control of [its] docket[ ]" under the Fifth Circuit's teachings in *Wedgeworth* to grant the Individual Mud King Defendants' request for a stay at this time, to allow for the Bankruptcy Court to conduct a fulsome investigation of the facts and the law as to the indemnities purportedly created by the Amended Bylaws. *Mud King* at *6.

In this case the Bankruptcy Court must conduct a "fulsome investigation of the facts" related to the indemnity, and this justifies extending the scope of the automatic stay to Lockwood. In addition, it would be unfair to Lockwood to implement a reorganization of the Debtor Entities and also be consumed with defending himself against a guaranty action, and incurring expenses for same. Those expenses, and any resulting judgment, would then be obligations of the Debtor Entities. The resulting burdens on the Debtor Entities could likewise impact other creditors of the Debtor Entities. Judge Atlas recognized that these many competing claims and interests were best resolved in the bankruptcy court. These issues should not be addressed piecemeal in a District Court action <u>and</u> a Bankruptcy action, particularly where contractual indemnity provisions tie debtors to non-debtors in such a fundamental way.

Additional reasons exists for extending the scope of the stay to Lockwood. Courts have recognized that an action taken by a creditor against a guarantor of a debtor's obligation can affect the administration of the bankruptcy estate. "[E[ven in the absence of an explicit indemnification agreement, an action by a creditor against a guarantor of a debtor's obligations will necessarily affect that that [sic] the creditor's status vis a vis other creditors,

10

and administration of the estate therefore depends upon the outcome of that litigation." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir.1984).

## V. CONCLUSION

The Debtor Entities are in the initial stage of their Chapter 11 filings. Allowing the Third Party Claimants to pursue a case against Lockwood individually that could result in both a claim by Lockwood against the Debtor Entities both for expenses while the litigation is underway, as well as potentially a substantial judgment <u>on which Lockwood is by contract authorized to claim recovery</u>, will impact the Debtor Entities' estates, and will also likely impact other Lockwood creditors. Lockwood respectfully requests the Court exercise its discretion and stay these proceedings.

WHEREFORE, Third-Party Defendant Michael F. Lockwood prays that this Court exercise its discretion and extend the automatic stay applicable to the Debtor Entities to Lockwood and stay the action against him personally, and that he be granted all such other and further relief to which he may show himself justly entitled, in law or in equity.

*Signature follows–*

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
Texas SBN 18869600
fspagnoletti@spaglaw.com
David S. Toy
Texas SBN 24048029
dtoy@spaglaw.com
Eric J. Rhine
Texas SBN 24060485
erhine@spaglaw.com
SPAGNOLETTI & CO.
401 Louisiana, 8th Floor
Houston, TX 77002
Telephone:   713 653 5600
Facsimile:   713 653 5656

**ATTORNEYS FOR THIRD PARTY DEFENDANT MICHAEL F. LOCKWOOD**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing was automatically accomplished on all counsel of record through the CM/ECF Notice of Electronic filing, in accordance with the Federal Rules of Civil Procedure on this 2nd day of February, 2018.

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti