UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

LOCKWOOD INTERNATIONAL, INC.

VS.

WELLS FARGO BANK, NATIONAL
ASSOCIATION; ET AL

C. A. NO. 3:17-CV-365

V.

LOCKWOOD ENTERPRISES, INC., ET
AL

*Third-Party Defendants.*

**THIRD-PARTY DEFENDANT MICHAEL F. LOCKWOOD'S**
**REPLY IN SUPPORT OF MOTION TO EXTEND STAY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Third Party Defendant Michael F. Lockwood, and files this Reply in

support of Motion to Extend the Automatic Stay (D.E. 41).

**A.     This Court should exercise its discretion to extend the automatic stay of 11**
**U.S.C. section 362, or stay this case while issues are resolved in the bankruptcy**
**action.**

It is entirely within this Court's purview to issue a protective stay even if a section 362

stay would be inappropriate. *Gulf Coast Hotel–Motel Ass'n v. Miss. Gulf Coast Golf Course*

*Ass'n*, 2010 WL 972248, at *3 (S.D. Miss. Mar. 12, 2010). District courts may exercise their

discretion to stay a proceeding against non-debtors "in the interests of justice and in control

of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983).

"Proper use of this authority 'calls for the exercise of judgment, which must weigh competing

interests and maintain an even balance.'" *Wedgeworth*, 706 F.2d at 545 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985) (citing *Wedgeworth*, 706 F.2d at 545).

Courts in other jurisdictions also recognize the inherent power to stay an action pending the conclusion of an alternative proceeding. *See, e.g., Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 182–84 (1952)) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule ... does not require that the issues in such proceedings are necessarily controlling of the action before the court."). In addition, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). *Accord Landis v. North Am. Co.*, 299 U.S. 248, 253–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

*National Oilwell Varco, L.P. v. Mud King Prod., Inc.*, 2013 WL 1948766 (S.D. Tex. May 9, 2013) provides clear guidance and authority for this Court to exercise its discretion to extend the automatic stay while issues related to the validity, applicability, and enforceability of the indemnity provisions are resolved in a bankruptcy court. Plaintiffs in *Mud King*, much like Third-Party Plaintiffs here (hereafter collectively "Wells Fargo"), argued that the indemnification did not apply to the non-debtor defendants and that the bylaws did not present "a clear-cut case of contractual indemnity." *Id.* at *4. However, the court in *Mud King* extended the stay to non-debtors in order to "preserve the sanctity of the bankruptcy estate, to maintain the *status quo*, and to avoid potential interference with the automatic stay." *Id.* at *5. The court also recognized that the "automatic stay to preserve the bankruptcy estate's assets" was crucial "while the Debtor's indemnification obligations are clarified." *Id.*[1]

The same needs to preserve the sanctity of the bankruptcy estate, maintain the *status quo*, and avoid interference with the automatic stay are present in this case. Faced with similar arguments about the enforceability and applicability of indemnity provisions, this Court should follow *Mud King's* lead and "on a preliminary basis" and "in the interest of judicial efficiency" allow the bankruptcy court to take up these issues and adjudicate them.

---

[1] On clarification, to the issue of an amendment of Lockwood International, Inc.'s by-laws (D.E. 42-2, p.1 (notation Bylaws "amended August 2, 2013") on p.5 of that same exhibit, the August 2, 2013, amendment is clarified, as it relates to requiring at least one director). It is accurate to state the other Lockwood entity bylaws require indemnification, but as Wells Fargo repeatedly points out, the ultimate determination of the indemnity is made in the bankruptcy court.

*Id.* at *5. This will provide the Bankruptcy court with the opportunity "to develop a full record . . . and to evaluate the putative indemnity obligations in light of bankruptcy principles and other law" as was done in *Mud King*.  To Wells Fargo's point Lockwood "may never" seek resolution of the indemnity issue before the bankruptcy court, this Court may condition its stay on resolution of that issue within the bankruptcy court.  Part of that resolution includes whether Lockwood in his capacity as a Director, officer, employee or agent of Lockwood International, Inc., or any of the other debtor entities.

Indeed, once the District Court action was stayed in *Mud King*, the parties moved in the bankruptcy court for relief from the District Court's stay.  Within <u>five months</u> of the *Mud King* decision, the parties had moved the bankruptcy court for relief from the stay, and the bankruptcy court considered those issues.  Ultimately the bankruptcy court continued the stay granted by the District Court in *Mud King*, but the point also is a limited stay by this Court to allow the indemnity issues to be resolved is not unreasonable, and would allow the issues to be decided where even Wells Fargo states they should be resolved.

Allowing Wells Fargo to proceed against Lockwood would force Lockwood to incur further legal costs to defend himself (legal costs that would be subject to an indemnification claim per the bylaws), as well as to distract him from the primary task, reorganizing the debtor entities. Of course a Chief Restructuring Officer is in place, but there remain significant burdens on Lockwood's time and resources, which in the interest of justice he

should be allowed to expend on reorganization efforts while the indemnity issues are being resolved.

While Wells Fargo disputes the applicability of the indemnity provisions to Lockwood, as it itself points out, and as *Mud King* makes clear, there is no requirement for the District Court to reach the merits of the indemnification issue before extending the automatic stay on a "on a preliminary basis" and "in the interest of judicial efficiency."  As stated in *Mud King*, "this Court does not reach the substantive issues of validity, applicability or enforceability of those indemnities." *Id.* at *5. Ongoing expenses for defense, and any ultimate liability against Lockwood, will result in an indemnification claim against the Debtors, which will affect the administration of the bankruptcy estate, and, to the extent the claim is allowed, possibly to the detriment of other creditors.

**B.    The automatic stay of 11 U.S.C. § 362 can be extended to non-debtor parties before a bankruptcy court adjudicates the issues**

Wells Fargo states that "Lockwood's request in this Court to extend the automatic stay to him personally, also fails because the issue must first be addressed and successfully adjudicated by the Bankruptcy court under 11 U.S.C. §105." D.E. 42, p. 11. However, this argument ignores what the court did in *Mud King*.  There, the district court extended the stay to the non-debtors before the indemnification issues were adjudicated in a bankruptcy court. When District Judge Nancy Atlas ruled in the *Mud King* case to extend the stay to non-debtors, she recognized the scope of the automatic stay was "principally within a bankruptcy court's bailiwick," but specifically granted the Individual Mud King Defendants' request for

5

a stay to allow for the Bankruptcy court to conduct a fulsome investigation of the facts and

the law as to the indemnities purportedly created by the Amended Bylaws. *Mud King* at *6.

In this case the Bankruptcy court must also conduct a "fulsome investigation of the

facts" related to the indemnity. Wells Fargo disputes the applicability of the indemnification

by-laws to Lockwood's guaranty and also disputes the legitimacy of a supporting declaration,

addressed in response to the Motion to Strike (D.E. 43), filed concurrently herewith. These

are both fact and legal issues which will need to be adjudicated in the Bankruptcy court and

*Mud King* provides clear guidance that an automatic stay may be extended to non-debtors

while these types of issues are resolved.  Wells Fargo's view that "[s]igning the Guaranty

was simply not part of Lockwood's duties as a Director, officer or employee of LII" is both

incorrect, as well as irrelevant here, because this Court cannot make that determination. This

is for the Bankruptcy court to decide.

Wells Fargo has not cited to any authority specifically holding a district court cannot

also grant a stay to defer to a bankruptcy court's ultimate determination on substantive issues

related to a stay. Extending the stay will also be more efficient use of judicial resources. This

District Court action should not proceed unless and until it is determined in the bankruptcy

court whether Lockwood's indemnity claim is viable against the debtors, and the effect of

that claim on other creditors, particularly where contractual indemnity provisions tie debtors

to Lockwood in such a fundamental way.  This determination is ultimately for the bankruptcy

court to decide.  This Court should stay its proceedings while Lockwood's indemnity claims are

presented and decided in the bankruptcy court.

Respectfully submitted,

/s/ Francis I. Spagnoletti
Francis I. Spagnoletti
Texas SBN 18869600
fspagnoletti@spaglaw.com
David S. Toy
Texas SBN 24048029
dtoy@spaglaw.com
Eric J. Rhine
Texas SBN 24060485
erhine@spaglaw.com
SPAGNOLETTI & CO.
401 Louisiana, 8th Floor
Houston, TX 77002
Telephone:    713 653 5600
Facsimile:    713 653 5656

**ATTORNEYS FOR THIRD PARTY
DEFENDANT MICHAEL F. LOCKWOOD**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that service of the foregoing was automatically accomplished on all counsel of record through the CM/ECF Notice of Electronic filing, in accordance with the Federal Rules of Civil Procedure on this 16th day  of February, 2018.

/s/ Francis I. Spagnoletti
Francis I. Spagnoletti