IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LOCKWOOD INTERNATIONAL, INC., | § § § | |
| *Plaintiff/Counter-Defendant,* | § § | |
| v. | § § | |
| WELLS FARGO BANK, N.A., WELLS FARGO SECURITIES, LLC, AND TRUSTMARK NATIONAL BANK, | § § § § | CIVIL ACTION NO. 3:17-CV-00365 |
| *Defendants/Counterclaimants/ Third-Party Plaintiffs,* | § § § | |
| v. | § § | |
| LOCKWOOD ENTERPRISES, INC., LMG MANUFACTURING, INC., PIPING COMPONENTS, INC., LOCKWOOD HOLDINGS, INC., LH AVIATION, LLC, 7807 EAGLE LANE, LLC, AND MICHAEL F. LOCKWOOD, | § § § § § § § | |
| *Third-Party Defendants*. | § | |

## SUPPLEMENTAL RESPONSE TO
## MICHAEL F. LOCKWOOD'S MOTION TO EXTEND STAY

Third-Party Plaintiffs Wells Fargo Bank, N.A. and Trustmark National Bank (collectively, "Lenders") file this Supplemental Response to Michael F. Lockwood's Motion to Extend Stay to bring to the Court's attention the following case which is directly on point to the issue at hand: Even in the face of an indemnity claim, this Court should not stay this guaranty action until the Bankruptcy Court extends the stay to Michael Lockwood.

### A.     The Facts of CresCom Are Near Identical To This Case

1. In *CresCom Bank v. Terry*, attached hereto as Exhibit A, the United States District Court for the District of South Carolina deferred to the bankruptcy court on the question of extending the automatic stay and held that "[a]bsent an order from the bankruptcy court extending the stay, this action shall proceed", and denied guarantor's motion to stay plaintiff CresCom Bank's ("CresCom") suit against the guarantor. *CresCom Bank v. Terry*, 499 B.R. 494, 498 (D.S.C. 2013).

2. Similar to this case, CresCom had filed suit against both the borrower ("CCT") and individual guarantor ("Terry") seeking recovery on four separate loans secured by promissory notes, mortgages executed by the borrower, and Terry's personal guaranty. 499 B.R. at 495. Shortly after, CCT filed a Chapter 11 Petition which stayed proceedings by CresCom against CCT. *Id.* Terry, the guarantor, then requested extension of the automatic stay to the proceedings against himself, based on the "unusual circumstances" exception because he was the sole member of CCT and was therefore the only person who can effectively carry out CCT's plan of organization and without a stay he would be unable to devote his full attention and money toward the reorganization. He also argued that he was entitled to indemnity for any payment he would make as CCT's guarantor, which would impact CCT's estate. *Id.* At the time of Terry's motion to stay, neither Terry nor CCT had sought modification or extension of the automatic stay from the bankruptcy court. *Id*. at 496.

**B.     There Is Nothing "Unusual" Where a Creditor Seeks to Recover From a Guarantor, Even One Entitled To Indemnity**

3.     In addressing the "unusual circumstances" exception, the Court stated that there was nothing "unusual" about the facts in *CresCom* which warranted extension of the stay:

> Far from unusual, CresCom merely seeks to continue its action against a non-debtor guarantor. The guaranties at issue are unconditional guaranties of payment and primary obligations of Terry in his individual capacity. "Nothing in § 362 suggests that Congress intended that provision to strip from the creditors of a bankrupt debtor the protection they sought and received when they required a third party to guaranty the debt." *Credit Alliance,* 851 F.2d at 121. "The very purpose of a guaranty is to assure the creditor that in the event the debtor defaults, the creditor will have someone to look to for reimbursement." *Id. at 122* (quotation and alterations omitted). This purpose "would be frustrated by interpreting § 362 so as to stay [the creditor's] action against the non-bankrupt guarantor when the defaulting debtor petitioned for bankruptcy. *Id.* **Moreover, a statutory right to bring an action for indemnification is not sufficient to justify extension of the automatic stay.** *See Doyle v. Fleetwood Homes of Va., Inc., C.A.*, No. 2:08-1442, 2009 U.S. Dist. LEXIS 37297 at *2 (S.D. W. Va. Apr. 30, 2009)* ("Simply because the [non-debtor codefendants] may be entitled to contribution or indemnity from [the debtor] does not call for expansion of the stay imposed by § 362(a)(1)."). In *Credit Alliance*, the Fourth Circuit refused to expand the automatic stay to include the guarantor of a note despite the fact that the guarantor would be entitled to bring claims for reimbursement through the bankruptcy proceedings. 851 F.2d at 120-21. The Court fails to see how the instant case differs from *Credit Alliance*.

*Id.* at 497 (emphasis added).

4.     The Court concluded that the question of whether to extend the automatic stay to the guaranty action was most appropriately considered by the bankruptcy court overseeing CCT's bankruptcy proceedings, and denied Terry's motion to extend the stay. *See also P.O'B. Apollo Tacoma, L.P. v. TJX Cos. (In re House2home, Inc.)*, 2002 U.S.

Dist. LEXIS 18702 (N.D. Tex. 2002) (declining to stay case against guarantor alleging right to indemnity from bankrupt debtor, and instructing guarantor to seek relief from bankruptcy court).[1]

5.  As in *CresCom Bank v. Terry*, this Court should decline to stay this guaranty action. Notably, Michael Lockwood has not cited to *any* authority where a court has extended the automatic stay to an individual guarantor.

## CONCLUSION AND PRAYER

For these reasons, Third-Party Plaintiffs Wells Fargo Bank, N.A. and Trustmark National Bank respectfully request that the Court deny Third-Party Defendant Michael F. Lockwood's Motion to Extend Stay and allow the guarantor litigation against Third-Party Defendant Michael F. Lockwood to proceed.

---

[1] The *P.O'B.* case is cited in Lender's Response (Doc. 42) at pp. 12-13.

Respectfully submitted,

By */s/ Yasmin Atasi*
Yasmin Atasi
State Bar No. 10435150
yatasi@winstead.com
Scott F. Courtney Jr.
State Bar No. 24084384
scourtney@winstead.com
Angela Kao
State Bar No. 24105652
akao@winstead.com
**WINSTEAD PC**
600 Travis Street, Suite 5200
Houston, Texas 77002
(713) 650-8400
(713) 650-2400 (Fax)

**ATTORNEYS FOR DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS, WELLS FARGO BANK, N.A., WELLS FARGO SECURITIES, LLC, AND TRUSTMARK NATIONAL BANK.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2018, a copy of the foregoing, and all exhibits and attachments thereto, was served on all counsel of record via the Court's ECF system.

*/s/ Yasmin Atasi*
Yasmin Atasi